UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NUSHAR J. SCOTT, *pro se,*

    Plaintiff,

v.                                                   Case No. 5:10-cv-554-Oc-30MAP

SCOTT A. MIDDLEBROOKS, et al.,

    Defendants.
_____/

## **ORDER OF DISMISSAL**

Plaintiff, *pro se* and *in forma pauperis*, initiated this case by the filing of a civil rights complaint in the Southern District of Florida. (Doc. 1). The Southern District of Florida transferred the case to this Court because Plaintiff was incarcerated at FCC Coleman. (Docs. 10, 11). In his complaint, Plaintiff alleges his confinement in administrative detention violated his due process rights. Plaintiff seeks to be released from segregation and one hundred million dollars in monetary damages.

### **Review of *In Forma Pauperis* Cases**

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue,[1] or the action is frivolous, malicious, fails to state a claim upon which relief can be

---

[1] 28 U.S.C. § 1915(e)(2)(A)

granted, or seeks monetary relief against a defendant who is immune from such relief.[2] The Court must liberally construe a *pro se* Plaintiff's allegations.[3]

Upon review of the Complaint, the Court finds this case is due to be dismissed. Pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[4] Plaintiff claims that he is entitled to damages, but he has not alleged any incident that resulted in a physical injury. Therefore, Plaintiff is not entitled to seek recovery for mental or emotional injury.[5] Although "nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages," Plaintiff has not sought nominal damages.[6]

Further, Plaintiff is no longer confined at the Federal Correctional Complex in Coleman, Florida. Plaintiff is currently confined at USP Lewisburg in Pennsylvania. (Doc. 15). Thus, his request to be released from segregation is moot. Spears v. Thigpen, 846 F.2d 1327 (11th Cir. 1988).

---

[2] See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

[4]This limitation applies to constitutional claims brought in a civil action while an inmate is confined. Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000).

[5] See id.

[6]Hughes v. Lott, 350 F. 3d 1157, 1162 (11th Cir. 2003).

2

## **Conclusion**

For the reasons stated herein, the Complaint is hereby **DISMISSED**. The Clerk is directed terminate any pending motions, and close the file.

**DONE** and **ORDERED** in Tampa, Florida on December 14, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record